JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY RICANO, | NO. CV 09-01989 SJO (AGRx) |
| Plaintiff, | **ORDER REMANDING CASE TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES** |
| v. | |
| AURORA LOAN SERVICING, et al., | [Docket No. 1] |
| Defendants. | |

Defendant Aurora Loan Services LLC ("Aurora") filed a Notice of Removal on March 24, 2009, alleging federal question jurisdiction as the basis of subject matter jurisdiction. Because this case does not necessarily raise a federal issue, the action is REMANDED to the Superior Court of the State of California for the County of Los Angeles.

I.      BACKGROUND

On November 21, 2008, Plaintiff Peggy Ricano ("Ricano") filed this lawsuit in the Superior Court of the State of California for the County of Los Angeles, bringing various state-law claims against Aurora and Defendant Homecoming Financials (collectively, "Defendants"), including (1) Wrongful Foreclosure, (2) Predatory Lending Fraud, (3) Breach of Contract, (4) Injunctive Relief, (5) Negligent Misrepresentation, (6) Unfair Competition, and (7) Unjust Enrichment, which allegedly arose out of Ricano's loan modification transactions with Defendants. (*See generally* Compl.) On March 24, 2009, Aurora removed the action to this Court on the basis of federal

question jurisdiction, asserting that "[a]lthough [Ricano's] causes of action are pleaded as state-law claims, adjudication of Plaintiff's complaint requires analysis and construction of federal laws, including: (1) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); (2) the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); and ([3]) the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831, et seq." (Notice Removal Action Federal Court Based on Federal Question Jurisdiction ("Notice Removal") ¶ 3.) Specifically, Ricano's second cause of action for Predatory Lending Fraud alleges that Defendants committed fraud through violations of these statutes. (*See* Notice Removal ¶ 4.)

II.   DISCUSSION

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted). With regard to the second category of cases "arising under" federal law, i.e., those in which the plaintiff's right to relief under state law requires resolution of a substantial question of federal law, the presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314

2

(2005).  "[C]ountless claims can be said to depend in some way on federal propositions, yet not all such cases 'arise under' federal law."  *Hunter v. United Van Lines*, 746 F.2d 635, 645 (9th Cir. 1985).  Rather, to qualify for federal question jurisdiction, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314.  "When a [state-law] claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  *Glanton v. Harrah's Entm't, Inc., et al.*, No. 07-15425, 2008 WL 4726413, at *1 (9th Cir. 2008) (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342–43 (9th Cir. 1996)); *Rains*, 80 F.3d at 346.

Here, the only claim that mentions federal law is Ricano's second cause of action for Predatory Lending Violations.  (*See generally* Compl.)  However, this claim does not qualify for federal question jurisdiction because it does not "necessarily" raise a federal issue.  *See Grable*, 545 U.S. at 314.  Rather, Ricano has alleged that Defendants engaged in fraud based on violations of a number of California state laws, including California Civil Code 2943, California Business and Professions Code 17200, and the California Consumer Protection Act, as well as federal laws such as RESPA, TILA, and the FDIA.  (*See* Compl. ¶¶ 21–22.)  Because this state-law claim can be supported by "alternative and independent" state law theories and, thus, federal law is not a "necessary element of the claim," federal question jurisdiction does not attach.  *See Glanton*, 2008 WL 4726413, at *1(citing *Rains*, 80 F.3d at 342–43); *Rains*, 80 F.3d at 346.

As such, none of Ricano's claims "necessarily" raise a federal issue under RESPA, TILA, and the FDIA and this Court does not have subject matter jurisdiction over Ricano's claims on "embedded federal issue" grounds.  *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314; *Glanton*, 2008 WL 4726413, at *2; *Rains*, 80 F.3d at 345–46.

III.     RULING

     For the foregoing reasons, this action is hereby REMANDED to the Superior Court of the State of California for the County of Los Angeles.


     IT IS SO ORDERED.


Dated this 22nd day of April, 2009.


                                                S. James Otero

                                            S. JAMES OTERO
                                   UNITED STATES DISTRICT JUDGE